## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:

      Wayne Barry Spivak

CASE NO.: 3:17-bk-02892-JAF

    Debtor(s).

_____

## THIRD AMENDED CHAPTER 13 PLAN

### A.  NOTICES.

**Debtor[1] must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the Plan.**

| | Included | Not Included |
|---|---|---|
| A limit on the amount of a secured claim based on a valuation which may result in a partial payment or no payment at all to the secured creditor. See Sections C.5(d) and (e). A separate motion will be filed. | □<br>X | □ |
| Avoidance of a judicial lien or nonpossessory, non-purchase money security interest under 11 U.S.C. § 522(f). A separate motion will be filed. See Section C.5(e). | □ | □<br>X |
| Nonstandard provisions, set out in Section E. | □ | □<br>X |

### B.  MONTHLY PLAN PAYMENTS. 
Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of **_60_** months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payments under the Plan and may cause an increased distribution to the unsecured class of creditors.

$__675.38_____ from month ___1_____ through ___5_____.
$__1,122_____ from month ___6_____ through ___6_____.
$__2,630_____ from month ___7_____ through ___60_____.

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

C.    **PROPOSED DISTRIBUTIONS.**

    1.    **ADMINISTRATIVE ATTORNEY'S FEES.**

**Base Fee $_____0_____ Total Paid Prepetition $____0____ Balance Due $___0_____**

**MMM Fee $____0____ Total Paid Prepetition $____0____ Balance Due $___0_____**

**Estimated Monitoring Fee at $ __0__ per Month.**

**Attorney's Fees Payable Through Plan at $___0____ Monthly (subject to adjustment).**

    2.    **DOMESTIC SUPPORT OBLIGATIONS (as defined in 11 U.S.C. §101(14A).**

| Acct. No. | Creditor | Total Claim Amount |
|-----------|----------|--------------------|
| NONE      |          |                    |
|           |          |                    |

    3.    **PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

| Last Four Digits of Acct. No. | Creditor | Total Claim Amount |
|-------------------------------|----------|--------------------|
| 1335 | Internal Revenue Service | $21,522.73    at    3.5% ($8,562.73 POC8, $12,960 2017 Taxes) |

    4.    **TRUSTEE FEES.** From each payment received from Debtor, the Trustee shall receive a fee, the percentage of which is fixed periodically by the United States Trustee.

    5.    **SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments. The Trustee shall disburse adequate protection payments to secured creditors prior to confirmation, as soon as practicable, if the Plan provides for payment to the secured creditor, the secured creditor has filed a proof of claim or Debtor or Trustee has filed a proof of claim for the secured creditor under § 501(c), and no objection to the claim is pending. If Debtor's payments under the Plan are timely paid, payments to secured creditors under the Plan shall be deemed contractually paid on time.

    **(a)    Claims Secured by Debtor's Principal Residence Which Debtor Intends to Retain - Mortgage, HOA and Condo Association Payments, and Arrears, if any, Paid**

**Through the Plan.** If the Plan provides for curing prepetition arrearages on a mortgage on Debtor's principal residence, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly postpetition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the postpetition mortgage payments for Debtor's principal residence on the following mortgage claims:

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
| NONE | | | | | |
| | | | | | |

**(b)    Claims Secured by Other Real Property Which Debtor Intends to Retain - Mortgage Payments, HOA and Condo Association Payments, and Arrears, if any, Paid Through the Plan.** If the Plan provides to cure prepetition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly postpetition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the postpetition mortgage payments on the following mortgage claims:

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
| NONE | | | | | |
| | | | | | |

3

(c)    **Claims Secured by Real Property - Debtor Intends to Seek Mortgage Modification.** If Debtor obtains a modification of the mortgage, the modified payments shall be paid through the Plan. Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee: (1) for *homestead* property, the lesser of 31% of gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowners association fees), or the normal monthly contractual mortgage payment; or (2) for *non-homestead,* income-producing property, 75% of the gross rental income generated from the property.

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Adequate Protection Payment |
|---|---|---|---|
| 1369 | FBC Mortgage | 5483 Glen Oak Place, Sanford, FL 32771 | $607.84 (months 1-6), $1,768.84, per PMM (months 7-60) |
|  |  |  |  |

(d)    **Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES (Strip Down).** Under 11 U.S.C. § 1322 (b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. **A separate motion to determine secured status or to value the collateral must be filed.** The secured portion of the claim, estimated below, shall be paid. Unless otherwise stated in Section E, the payment through the Plan does not include payments for escrowed property taxes or insurance.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Value | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|---|
| 0021 | Suncoast FCU | 2010 Honda Odyssey | $15,171 | $8,000 | $0 months 1-5, $401.52 month 6, $162.35 months 7-60 | 5.5% |
|  |  |  |  |  |  |  |

(e)    **Liens to be Avoided Under 11 U.S.C. § 522 or Stripped Off Under 11 U.S.C. § 506.** Debtor must file a separate motion under § 522 to avoid a judicial lien or a nonpossessory, nonpurchase money security interest because it impairs an exemption or under § 506 to determine secured status and to strip a lien.

| Last Four Digits of Acct. No. | Creditor | Collateral Description / Address |
|---|---|---|
| NONE | | |
| | | |

(f)    **Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY Under the Final Paragraph in 11 U.S.C. § 1325(a).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor; or (2) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the Plan with interest at the rate stated below.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|
| NONE | | | | | |
| | | | | | |

(g)    **Claims Secured by Real or Personal Property to be Paid with Interest Through the Plan under 11 U.S.C. § 1322(b)(2).** The following secured claims will be paid in full under the Plan with interest at the rate stated below.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|
| NONE | | | | | |
| | | | | | |

(h)    **Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearage, if any, with All Payments in Plan.**

| Last Four Digits of Acct. No. | Creditor | Collateral Description | Regular Contractual Payment | Arrearage |
|---|---|---|---|---|
| NONE | | | | |
| | | | | |

**(i)     Secured Claims Paid Directly by Debtor.** The following secured claims are being made via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights.

| Last Four Digits of Acct. No. | Creditor | Property/Collateral |
|---|---|---|
| NONE | | |
| | | |

**(j)     Surrender of Collateral/Property that Secures a Claim.** Debtor will surrender the following collateral/property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors upon the filing of this Plan.

| Last Four Digits of Acct. No. | Creditor | Collateral/Property Description/Address |
|---|---|---|
| NONE | | |
| | | |

**(k)     Secured Claims That Debtor Does Not Intend to Pay.** Debtor does not intend to make payments to the following secured creditors. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor with respect to these creditors upon the filing of this Plan. Debtor's state law contract rights and defenses are neither terminated nor abrogated.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/Address |
|---|---|---|
| NONE | | |
| | | |

**6.     LEASES / EXECUTORY CONTRACTS.** As and for adequate protection, the Trustee shall disburse payments to creditors under leases or executory contracts prior to confirmation, as soon as practicable, if the Plan provides for payment to creditor/lessor, the creditor/lessor has filed a proof of claim or Debtor or Trustee has filed a proof of claim for the secured creditor/lessor under § 501(c), and no objection to the claim is pending. If Debtor's payments under the Plan are timely paid, payments to creditors/lessors under the Plan shall be deemed contractually paid on time.

6

(a) **Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid and Arrearages Cured Through the Plan.** Debtor assumes the following leases/executory contracts and proposes the prompt cure of any prepetition arrearage as follows.

| Last Four Digits of Acct. No. | Creditor/Lessor | Description of Leased Property | Regular Contractual Payment | Arrearage and Proposed Cure |
|---|---|---|---|---|
| NONE | | | | |
| | | | | |

(b) **Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid Directly by Debtor.** Debtor assumes the following lease/executory contract claims that are paid via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights.

| Last Four Digits of Acct. No. | Creditor/Lessor | Property/Collateral |
|---|---|---|
| NONE | | |
| | | |

(c) **Rejection of Leases/Executory Contracts and Surrender of Real or Personal Leased Property.** Debtor rejects the following leases/executory contracts and will surrender the following leased real or personal property. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan.

| Last Four Digits of Acct. No. | Creditor/Lessor | Property/Collateral to be Surrendered |
|---|---|---|
| NONE | | |
| | | |

7. **GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than $___PRO RATA_____.

**D.**    **GENERAL PLAN PROVISIONS:**

1.    Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims.

2.    Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court.

3.    If Debtor fails to check (a) or (b) below, or if Debtor checks both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise. Property of the estate

   (a)    _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise, or

   (b)    _____ shall vest in Debtor upon confirmation of the Plan.

4.    The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. Unless otherwise ordered by the Court, the Trustee shall only pay creditors with filed and allowed proofs of claim. An allowed proof of claim will control, unless the Court orders otherwise.

5.    Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

6.    Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide the Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise ordered, consented to by the Trustee, or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing

   agency to apply a refund to the following year's tax liability. **Debtor shall not spend any tax refund without first having obtained the Trustee's consent or Court approval.**

**E.**    **NONSTANDARD PROVISIONS as Defined in Federal Rule of Bankruptcy Procedure 3015(c).** Note: Any nonstandard provisions of this Plan other than those set out in this section are deemed void and are stricken.

8

## CERTIFICATION

By filing this document, the Attorney for Debtor, or Debtor, if not represented by an attorney, certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Model Plan adopted by this Court, and that this Plan contains no additional or deleted wording or nonstandard provisions other than any nonstandard provisions included in Section E.

SIGNATURE(S):

Debtor(s)

_____    Date  2/16/18

_____    Date _____

Attorney for Debtor(s)

_____    Date  2/16/18

9

| filing date | 7/31/2017 | SPIVAK, WAYNE B. | | | | | $8,562.73 - POC 8 | |
|---|---|---|---|---|---|---|---|---|
| 1st pmt date | 8/30/2017 | | 17-02892-JAF | 10.0% | PMM APPROVED | Suncoast FCU | $12,960 - 2017 Taxes | |
| | Unsecured | | | Debtor Pmt | Tee Fee | 1st pymt due 2/1/18 | Odyssey-Cram | IRS |
| plan term | 60 | | 60 | | | FBC - 1st mtg | $8,000 @ 5.5% | $21,522.73 @ 3.5% |
| 8/30/2017 | 1 | $0.00 | | $675.38 | $67.54 | $607.84 | | |
| 9/30/2017 | 2 | $0.00 | | $675.38 | $67.54 | $607.84 | | |
| 10/30/2017 | 3 | $0.00 | | $675.38 | $67.54 | $607.84 | | |
| 11/30/2017 | 4 | $0.00 | | $675.38 | $67.54 | $607.84 | | |
| 12/30/2017 | 5 | $0.00 | 5 at | $675.38 | $67.54 | $607.84 | | |
| 1/30/2018 | 6 | $0.44 | 1 at | $1,122.00 | $112.20 | $607.84 | $401.52 | |
| 3/2/2018 | 7 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 4/2/2018 | 8 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 5/2/2018 | 9 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 6/2/2018 | 10 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 7/2/2018 | 11 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 8/2/2018 | 12 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 9/2/2018 | 13 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 10/2/2018 | 14 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 11/2/2018 | 15 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 12/2/2018 | 16 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 1/2/2019 | 17 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 2/2/2019 | 18 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 3/2/2019 | 19 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 4/2/2019 | 20 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 5/2/2019 | 21 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 6/2/2019 | 22 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 7/2/2019 | 23 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 8/2/2019 | 24 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 9/2/2019 | 25 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 10/2/2019 | 26 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 11/2/2019 | 27 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 12/2/2019 | 28 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 1/2/2020 | 29 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 2/2/2020 | 30 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 3/2/2020 | 31 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 4/2/2020 | 32 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 5/2/2020 | 33 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 6/2/2020 | 34 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 7/2/2020 | 35 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 8/2/2020 | 36 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 9/2/2020 | 37 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 10/2/2020 | 38 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 11/2/2020 | 39 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 12/2/2020 | 40 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 1/2/2021 | 41 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 2/2/2021 | 42 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 3/2/2021 | 43 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 4/2/2021 | 44 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 5/2/2021 | 45 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 6/2/2021 | 46 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 7/2/2021 | 47 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 8/2/2021 | 48 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 9/2/2021 | 49 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 10/2/2021 | 50 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 11/2/2021 | 51 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 12/2/2021 | 52 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 1/2/2022 | 53 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 2/2/2022 | 54 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 3/2/2022 | 55 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 4/2/2022 | 56 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 5/2/2022 | 57 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 6/2/2022 | 58 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 7/2/2022 | 59 | $0.77 | | $2,630.00 | $263.00 | $1,768.84 | $162.35 | $435.04 |
| 8/2/2022 | 60 | $0.63 | 54 at | $2,630.00 | $263.00 | $1,768.84 | $162.49 | $435.04 |
| | | | | | | | | |
| receiving | $41.89 | | | $146,518.90 | $14,651.89 | $99,164.40 | $9,168.56 | $23,492.16 |
| total unsec. | $214,053.76 | | | | | | | |
| | 0% | | | | | | $ 9,168.56 | $ 23,492.16 |

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:

Wayne Barry Spivak

                               CASE NO.: 3:17-bk-02892-JAF

Debtor(s).

_____/

## CERTIFICATE OF SERVICE FOR THIRD AMENDED CHAPTER 13 PLAN

COMES NOW, the undersigned counsel hereby certifies that copies of the Third Amended

Chapter 13 Plan have been furnished by regular U.S. Mail or electronically via ECF to Douglas

W. Neway, PO Box 4308, Jacksonville, FL 32201; United States Trustee, George C Young Federal

Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801, Debtor Wayne Barry

Spivak, 5483 Glen Oak Place, Sanford, FL 32771; and to all parties on the attached creditor matrix,

this 15th Day of February, 2018.

                               By: /s/ Justin R. Clark
                               Justin R. Clark, Esq.
                               Florida Bar No. 829471
                               Justin Clark & Associates, PLLC
                               Attorney for Debtor
                               500 Winderley Place, Unit 100
                               Maitland, FL 32751
                               Tel: 321-282-1055
                               Fax: 321-282-1051
                               Email: jclark@youhavepower.com

10

Label Matrix for local noticing
113A-3
Case 3:17-bk-02892-JAF
Middle District of Florida
Jacksonville
Thu Feb 15 16:29:06 EST 2018

A. Kathleen Corey
69 Sugarbear Drive
Safety Harbor, FL 34695-4676

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Capital One
General Correspondence
Po Box 30285
Salt lake City, UT 84130-0285

Cenlar FSB
425 Phillips Blvd
Ewing, NJ 08618-1430

Colonial Grand at Lake Mary
225 Sunlight Lane
Lake Mary, FL 32746-4716

Department Stores National Bank
c/o Quantum3 Group LLC
PO Box 657
Kirkland, WA  98083-0657

FBC Mortgage LLC
189 South Orange Aveste
Orlando, FL 32801

Flagstar Bank
Attn: Bankruptcy Dept
5151 Corporate Dr
Troy, MI 48098-2639

Kay Jewelers/Sterling Jewelers Inc.
Sterling Jewelers
Po Box 1799
Akron, OH 44309-1799

FBC Mortgage, LLC
Marinosci Law Group, P.C.
c/o Frederic Dispigna, Esq.
100 West Cypress Creek Road
Suite 1045
Fort Lauderdale, FL 33309-2191

(p)AMERICAN HONDA FINANCE
P O BOX 168088
IRVING TX 75016-8088

Cabrillo Credit Union
880 Front St Ste 2295
San Diego, CA 92101-8895

Cardworks/CW Nexus
Po Box 9201
Old Bethpage, NY 11804-9001

Chase Card
Attn: Correspondence Dept
Po Box 15298
Wilmington, DE 19850-5298

Credit First NA
PO Box 818011
Cleveland OH 44181-8011

Dr. Horanic
5300 W SR 46
Ste 1000
Sanford, FL 32771-9333

Fed Loan Serv
Pob 60610
Harrisburg, PA 17106-0610

Florida Department of Revenue
Bankruptcy Unit
Post Office Box 6668
Tallahassee FL 32314-6668

Lara Marks Spivak
3165 Landmark Drive #713
Clearwater, FL 33761-1950

Wayne Barry Spivak
5483 Glen Oak Place
Sanford, FL 32771-7171

Atlantic Strings
750 N Mills Ave
Orlando, FL 32803-4039

Capital One
Attn: Bankruptcy
Po Box 30253
Salt Lake City, UT 84130-0253

Carson Smithfield LLC
PO Box 9216
Old Bethpage, NY 11804-9016

Citibak/Office Depot
Citicorp Credit Srvc/Centralized Bankrup
Pob 790040
St Louis, MO 63179-0040

Credit First National Assoc
Attn: BK Credit Operations
Po Box 81315
Cleveland, OH 44181-0315

FBC Mortgage
101 Wymore Rd
Altamonte Springs, FL 32714-4207

First Premier Bank
601 S Minnesota Ave
Sioux Falls, SD 57104-4868

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Legends Lake Mary
700 Oakland Hills Circle
Lake Mary, FL 32746-5821

Loancare Inc
Po Box 8068
Virginia Beach, VA 23450-8068

MERRICK BANK
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Merrick Bank
c/o Phillips & Cohen Assoc
PO Box 5790
Hauppauge, NY 11788-0164

Midland Credit Management
2365 Northside Drive
Ste 300
San Diego, CA 92108-2709

Midland Funding
Attn: Bankruptcy
Po Box 939069
San Diego, CA 92193-9069

NAVIENT PC TRUST
C/O Navient Solutions, LLC.
PO BOX 9640
Wilkes-Barre, PA 18773-9640

Navient
Attn: Claims Dept
Po Box 9500
Wilkes-Barr, PA 18773-9500

Navient Solutions Inc
Po Box 9500
Wilkes Barre, PA 18773-9500

Nelnet Loans
Nelnet Claims
Po Box 82505
Lincoln, NE 68501-2505

North Shore Agency
PO Box 4191
Carol Stream, IL 60197-4191

Northland Group Inc
PO Box 390905
Minneapolis, MN 55439-0905

Paramount Pictures Corp
555 Melrose Ave
Los Angeles, CA 90038

Paypal Credit/Comenity Bank
2420 Sweet Home Rd Ste 150
Amherst, NY 14228-2244

Penn Credit
916 S 14th Street
PO Box 988
Harrisburg, PA 17108-0988

(p) PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Premier Bankcard, Llc
Jefferson Capital Systems LLC Assignee
Po Box 7999
Saint Cloud Mn 56302-7999

Santander Consumer USA
Po Box 961245
Ft Worth, TX 76161-0244

Santander Consumer USA
Santander Consumer USA
Po Box 961245
Fort Worth, TX 76161-0244

Seminole County Tax Collector
Attn: Ray Valdes
Post Office Box 630
Sanford FL 32772-0630

(p) SPRINT NEXTEL CORRESPONDENCE
ATTN BANKRUPTCY DEPT
PO BOX 7949
OVERLAND PARK KS 66207-0949

Suncoast Credit Union
Attn: Bankruptcy
Po Box 11904
Tampa, FL 33680-1904

Suncoast Cu
Attn: Bankruptcy
Po Box 11904
Tampa, FL 33680-1904

Synchrony Bank
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/ JC Penneys
Attn: Bankruptcy
Po Box 956060
Orlando, FL 32896-0001

Synchrony Bank/ JC Penneys
c/o Midland Credit Managemen
2365 Northside Drive
Ste 300
San Diego, CA 92108-2709

Synchrony Bank/Care Credit
Attn: Bankruptcy
Po Box 956060
Orlando, FL 32896-0001

Synchrony Bank/Sams
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Walmart
Attn: Bankruptcy
Po Box 956060
Orlando, FL 32896-0001

TD Bank/Target Credit Card
C/O Financial & Retail Srvs
Mailstopn BT POB 9475
Minneapolis, MN 55440-9475

U.S. Department of Education
c/o FedLoan Servicing
P.O. Box 69184
Harrisburg, PA 17106-9184

USAA SAVINGS BANK
C/O Weinstein & Riley P.S.
2001 Western Ave Ste. 400
Seattle, WA 98121-3132

Usaa Federal Savings Bank
10750 Mcdermott Freeway
San Antonio, TX 78288-1600

Visa Dept Store National Bank/Macy's
Attn: Bankruptcy
Po Box 8053
Mason, OH 45040-8053

United States Trustee - JAX 13/7 7+
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Frederic J DiSpigna +
Marinosci Law Group, P.C.
100 West Cypress Creek Road
Suite 1045
Fort Lauderdale, FL 33309-2191

Douglas W. Neway +
P O Box 4308
Jacksonville, FL 32201-4308

Connie J Delisser +
Marinosci Law Group, P.C.
100 West Cypress Creek Road
Suite 1045
Fort Lauderdale, FL 33309-2191

Justin R Clark +
Attorneys Justin Clark & Associates PLLC
500 Winderley Place, Suite 100
Maitland, FL 32751-7406

Viktoria Collins +
Collins Law and Mediation
200 South Knowles Avenue
Winter Park, FL 32789-4304

Charles R Sterbach +
Office of the United States Trustee
400 W. Washington St., Ste 1100
Orlando, FL 32801-2440

Note: Entries with a '+' at the end of the
name have an email address on file in CMECF

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

American Honda Finance
Po Box 168088
Irving, TX 75016

Bk Of Amer
Po Box 982238
El Paso, TX 79998

Portfolio Recovery
Po Box 41067
Norfolk, VA 23541

(d)Portfolio Recovery Associates, LLC
POB 41067
Norfolk VA 23541

Sprint
PO Box 54977
Los Angeles, CA 90054

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Jerry A. Funk
Jacksonville

(d)Internal Revenue Service
Post Office Box 7346
Philadelphia PA 19101-7346

(d)Douglas W. Neway +
P O Box 4308
Jacksonville, FL 32201-4308

End of Label Matrix
Mailable recipients    70
Bypassed recipients     3
Total                  73